RECEIVED
USDC, CLERK, CHARLESTON, S

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2008 SEP 23  P 2: 49

George Thomas Milton, Jr.,    )    C. A. No. 2:07-3921-HMH-RSC
                              )
          Plaintiff,          )
                              )
        -versus-             )    **REPORT AND RECOMMENDATION**
                              )
Ofc. Wilson, E.; Offc. Gooden;)
Captain A. Thomas; Lt.        )
Richson; Warden Margaret Bell,)
                              )
          Defendants.         )

This civil rights action pursuant to 42 U.S.C. § 1983[1]
brought by a state prisoner proceeding pro se and in forma
pauperis, is before the undersigned United States Magistrate
Judge for a report and recommendation on the defendants' summary
judgment motion.  28 U.S.C. § 636(b).

The plaintiff, George Thomas Milton, Jr., filed this action
on December 7, 2007, and named as defendants Ofc. Wilson, E.;

------

[1] Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the
District of Columbia, subjects, or causes to be subjected, any
citizen of Section 1983, titled a civil action for deprivation of
rights reads in relevant portion: the United States or other
person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress, except
that in any action brought against a judicial officer for an act
or omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was
violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

Ofc. Gooden; Captain A. Thomas; Lt. Richson; and Warden Margaret
Bell.  Plaintiff alleged that the defendants used excessive force
against him and that he suffered injuries as a result.  Plaintiff
seeks three hundred thirty thousand dollars ($330,000.00) in
damages.

The defendants answered the complaint on April 21, 2008, and
filed a summary judgment motion July 21, 2008.  On July 25, 2008,
Plaintiff was provided copies of the defendants' motion and was
given an explanation of dismissal and summary judgment procedure
as well as pertinent extracts from Rules 12 and 56 of the Federal
Rules of Civil Procedure similar to that required by Roseboro v.
Garrison, 528 F.2d 309 (4th Cir. 1975).  Plaintiff opposed the
motion on August 20, 2008, and the defendants replied to the
opposition on September 3, 2008.  Hence, it appears consideration
of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record
demonstrates that the requirements of Rule 56(c) have been met.
Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Summary judgment
is mandated where the party opposing the motion has failed to
establish the existence of an element essential to his case, and
on which he bears the burden of proof.  Id., 477 U.S. at 322.
The party seeking summary judgment must inform the court of the
basis for its motion, and identify those portions of the record

2

that demonstrate the absence of a genuine issue of material fact.
The moving party, however, need not offer proof that negates the
opponent's claim; rather, as to issues on which the party
opposing the motion has the burden of proof at trial, the party
seeking summary judgment need only point to an absence of
evidence to support the opponent's claim.  The party opposing
summary judgment must then point to facts evidencing a genuine
issue for trial.  Fed. R. Civ. P. 56(c); see also, Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the
plaintiff raises a "metaphysical doubt" as to the material facts.
Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp.,
475 U.S. 574, 586 (1986).  Likewise, "unsupported speculation is
not sufficient to defeat a summary judgment motion."  Felty v.
Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).
If the plaintiff's evidence does not raise a genuine issue as to
a material fact, then summary judgment is proper for the
defendants.  See, Anderson, 477 U.S. at 249-50 (where evidence is
not significantly probative, then summary judgment is proper).
Furthermore, even as to a material fact, an issue is genuine only
where the record establishes that the fact-finder could find, by
a preponderance of the evidence, that the plaintiff is entitled
to judgment in his favor.  Id., 477 U.S. at 252.

## FACTS

The relevant facts, either undisputed or according to the plaintiff, and taken in the light most favorable to the plaintiff as the non-moving party for purposes of the defendants' motion, are as follow.

Factual allegations contained in Plaintiff's verified complaint are taken as true for summary judgment purposes. <u>Davis v. Zahradnick</u>, 600 F.2d 458, 460 (4th Cir. 1979). Plaintiff signed his complaint on December 1, 2007, and wrote as follows:

> I was assigned to McCormick Institution mine health started get bad so medical transfer me to LEE County for treatment stay there five months,. The 6-11-07 order was cut so sent me back to McCormick, on the 11-day at 10:00Clock the bus pick me up for Ride to the bus station in Columbia. Bus ride must taken about hour or so, we eat lunch time past on into that day guess about 1-or-2 they started Callin names to board the buses to other institutions some days are faster than other days.
>
> They gotten to McCormick bus, but my name was not call so the last bus of the day is Lee County bus and my name is on the list an, I ask why they said my Warden-jacket is not with me so I must return back to Lee but I would be back the next day. We reached Lee, sun going down three inmates and I'm one of these inmate got my restraints on also got property on the bus Duffle bag, T.V., cooler so Im the last off the side walk get in side the driver go into Conband office come out leave me in restraint Office Gooden is women she is holding Cell office this day. Office Wilson come out Conband room wanted to do inventoried, I told him my belonge had been on the bus all day, I started talking shit because I know him and her he got sensitivity and he pick me up and throw me into the floor on my face broken lip and teeths, cut the upper part of the eye

4

> I'm Laying on the floor bloodin than this Sergeant
> off the West yard he is over that yard, him and
> inmate help pick me up and walk me over to the
> infirmarie but the head-nurse couldn't close up my
> lip because it was too deeply cut so they sent me
> to Sumter Emergency Room. Sergeant Moor and female
> Office Hinley, drove van to Sumter, in an raining
> night they talk about get back ina hurry it's
> close to change of shift.
>
> Captain,A Thomas put me on lock-up first took
> everything off me and gave me a yellow jump suit
> and place me in cell without mattress until the
> next day. To hide evidence
>
> On 6/12/07 Lietuenant Rickson, at S.M.U. threaten
> to gas me if I did not come out the holden cell an
> go to the bus had no underwear on because they
> took all my clothing with blood on them also
> remove my booths. Miss Margaret Bell, head office
> she should do a better review before she sign an
> incident report.

(Sic) (Complaint, STATEMENT OF CLAIM).

Additional uncontroverted evidence of record indicates that
the plaintiff has a medical history including regular treatment
of prostate cancer. He usually received treatment at Tuomey
Hospital in Sumter, South Carolina. Although he is permanently
housed at McCormick Correctional Institution (MCI), when he is
scheduled to receive treatment, he is temporarily housed at Lee
Correctional Institution (LCI).

On June 11, 2007, Plaintiff was sent to LCI for a scheduled
treatment after which he was to scheduled for return to MCI.
However, because his file remained at LCI, Plaintiff was returned
to LCI. Standard prison procedure requires a correctional
officer to take inventory of an inmate's property when the inmate

5

arrives at LCI. (Def. Ex. I, Aff. of Officer Eric Wilson, ¶ 2).
Inmates are detained in one of two holding cells immediately
before their property is inventoried.  Id. at ¶ 3.  When the
correctional officer is ready to inventory an inmate's property,
the inmate is released from the holding cell and waits in the
area in front of the two holding cells.  Id.

On June 11, 2007, at approximately 4:50 p.m., the plaintiff
and three other inmates were in the holding cells. (Def. Ex. J,
Aff. of Gooden, ¶ 2). Defendant Correctional Officer Eric
Wilson, an officer in the Contraband Department, was responsible
for taking inventory of the plaintiff's property. (Def. Ex. I,
Wilson Aff. ¶¶ 1 and 2). Defendant Correctional Officer Abriel
Gooden was also present. (Def. Ex. J, Aff. of Gooden, ¶ 2).
Wilson and Gooden considered the plaintiff to be agitated,
disruptive, and he was continuously shouting at Wilson. (Def.
Ex. I, Aff. of Wilson ¶ 4 and Ex. J, Aff. of Gooden ¶ 4). Wilson
released the plaintiff from the holding cell and gave him a
direct order to turn over his property so that it could be
inventoried.  (Def. Aff. of Wilson Ex. I, ¶ 5 and Ex. J, Aff. of
Gooden ¶ 5).

It is uncontroverted that the plaintiff refused the direct
order while using profane language directed at Wilson and in the
presence of other inmates.  (Def. Ex. I, Aff. of Wilson ¶ 3 and
Ex. J, Aff. of Gooden ¶ 2). Wilson did not employ force at that

6

time but responded by offering Plaintiff the option of leaving his property with the Contraband Department to be searched. (Def. Ex. I, Aff. of Wilson ¶ 7). Plaintiff did not respond directly to Wilson's offer but instead told Wilson that he was not going to take his property. Id. at ¶ 8. Wilson then told the plaintiff to calm down. Id. The plaintiff did not calm down, but rather escalated the situation by approaching Wilson with his fist raised in what Wilson perceived to be a threatening manner. Id. and Def. Ex. J, ¶ 6. Wilson ordered Plaintiff to stop, but Plaintiff continued moving towards Wilson. (Def. Ex. J, ¶ 7). Wilson believed that the plaintiff was going to strike him, so he grabbed the plaintiff's arm. (Def. Ex. I, ¶ 9 and Ex. J, ¶ 8). The plaintiff struggled, and Wilson forced the plaintiff to get down face first onto the floor. Id. Wilson then handcuffed the plaintiff. (Def. Ex. I, ¶ 9). Plaintiff's property was inspected and inventoried.

Plaintiff had blood on his face so another officer immediately escorted Plaintiff to the prison medical facility. (Ex. J, ¶ 12). The prison nurse diagnosed a laceration to the lip and another to the forehead above the right eye. Plaintiff was transferred to the Toumey Healthcare System emergency room where he was x-rayed, received one staple suture on his forehead, and was prescribed Keflex antibiotic. (Def. Ex. K, Medical Records from June 11, 2007). Additionally, Plaintiff was seen by

7

a prison dentist on June 14, 2007, for an unspecified reason[2] and was prescribed penicillin. He was seen again 5 months later. (Def. Ex. L). There is no indication that these dental appointments were related to the incident at issue here.

Plaintiff was charged with threatening to inflict harm on an employee and placed in LCI's Special Management Unit (SMU). (Def. Ex. M, June 11, 2007 Incident Report). The incident report was reviewed and approved by Defendants Captain Arenda Thomas and Associate Warden Margaret Bell. (Def. Ex. N, Aff. of Captain Arenda Thomas, ¶ 5 and Ex. O, Aff. of Associate Warden Margaret Bell, ¶ 4).

Plaintiff named a "Lt. Richson" as a defendant. The complaint alleges that Lt. Richson threatened to gas him because he refused to leave his cell. A search of the prison's personnel records reveals that no employee named Lt. Richson ever worked at LCI. (Def. Ex. O, ¶ 6). The closest match is a Lieutenant Franklin Richardson. However, Lt. Richardson did not work in the SMU in June 2007 and has never had any contact with the plaintiff. (Def. Ex. P, Affidavit of Lt. Franklin Richardson, ¶¶ 2 and 3).

---

[2] Plaintiff alleged that his partial denture was broken in the incident but uncontroverted prison records show that Plaintiff had broken partial dentures which were repaired and returned to him four (4) months prior to the incident. (Def. Ex. L).

## UNCONSTITUTIONAL USE OF FORCE

To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The objective element of an excessive force claim requires more than a de minimis use of force. The Supreme Court has proscribed recovery based on de minimis force, unless that use of force is "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992) (internal quotation marks omitted). The Fourth Circuit Court of Appeals has recognized a bright-line rule in the Supreme Court's jurisprudence that a de minimis injury will defeat a plaintiff's excessive force claim "absent the most extraordinary circumstances," i.e., unless the force used was "repugnant to the conscience of mankind." Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994)(en banc).

## DISCUSSION

A review of the record and relevant case law indicates that the defendants' summary judgment motion should be granted. On the evidence presented here, it appears that the amount of force used to have Plaintiff comply with orders was reasonable and no

9

genuine issue of material fact exists regarding the force by the
defendants being used "maliciously for the very purpose of
causing harm." Williams v. Benjamin, 77 F.3d 756 (4th Cir.
1996).

First, it is undisputed that Plaintiff refused to follow a
lawful direct order from Officer Wilson to turn over his property
so that it could be inventoried. Plaintiff used profane language
directed at Officer Wilson. Other inmates were present at the
time raising the danger of disorder. Officer Wilson attempted to
placate the plaintiff by offering an alternative way to get
Plaintiff's belongings inspected for contraband. It was only
when Plaintiff refused this offer and asserted that Officer
Wilson was not going to be allowed to inspect his possessions
that Officer Wilson employed force to obtain compliance and
restore order. Wilson forced the plaintiff to the floor face
down and handcuffed him. This use of a reasonable amount of
force had its intended effect and Plaintiff's belongings were
inspected.

Second, viewing the facts in the light most favorable to the
plaintiff, his injuries consisting of a laceration above his eye
and on his lip along with a broken tooth were de minimis. If a
prisoner's injury is de minimis, then the prisoner's excessive
force claim fails as a matter of law. Norman v. Taylor, 25 F.3d
1259, 1262 (4th Cir. 1995). As an example, in Stanley v.

10

Hejirika, the Fourth Circuit Court of Appeals held that a
loosened tooth, bruises, and swelling sustained by an inmate in a
fracas that occurred while prison guards were trying to quell a
disturbance are constitutionally insignificant.  Stanley v.
Hejirika, 134 F.3d 629 at 638 (4th Cir. 1998).

        Here, Plaintiff cannot establish the objective component of
an excessive force claim, i.e., that the harm suffered was
"sufficiently serious."  Wilson v. Seiter, 501 U.S. 294,298
(1991).  Plaintiff's injuries simply do not warrant a finding of
a constitutional violation and recovery of damages.

        Additionally, the fact that the incident report was reviewed
and approved by defendants Thomas and Bell, without more, does
not state a constitutional claim.

## QUALIFIED IMMUNITY

        As an alternative basis for decision, the defendants are
entitled to qualified immunity from suit in their individual
capacity since it does not appear that they violated a particular
right of Plaintiff's, clearly established in law, of which a
reasonable person would have known.  Harlow v. Fitzgerald, 457
U.S. 800, 815-16, 102 S.Ct. 2727 (1982); American Civil Liberties
Union, Inc. v. Wicomico County, 999 F.2d 780 (4th Cir. 1993).
The standard of review on summary judgment is whether there exist
genuine issues of clearly established constitutional violation.

11

<u>Turner v. Dammon</u>, 848 F.2d 440 (4th Cir. 1988).  No such issues
exist in this case.

**"STRIKE" UNDER THE PLRA**

Finally, § 804 of the PLRA amended § 1915(g), and reads as
follows:

> In no event shall a prisoner bring a civil action
> or appeal a judgment in a civil action or
> proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or
> appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Based upon the foregoing evidentiary failures, it appears
this action should be characterized as frivolous, malicious, or
as failing to state a claim upon which relief may be granted, and
should be designated as a "strike".

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is
recommended that the defendants' motion be granted, and that all
other motions be deemed moot.  It is also recommended that this
action be deemed a "strike" against the plaintiff within the
meaning of the PLRA.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
September 13, 2008

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

13